**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1296**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

ISAAC LEE WOODS; REGINA BAILEY WOODS; ELLA R. WOODS,

  Defendants – Appellants,

  and

UNLIMITED FINANCIAL RESOURCES,

  Defendant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:07-cv-00187-BR)

Submitted:  September 4, 2009    Decided:  September 30, 2009

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Isaac Lee Woods, Regina Bailey Woods, Ella R. Woods, Appellants Pro Se.  Sarah Burnette, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Lee Woods, Regina Bailey Woods and Ella R. Woods appeal the district court's order and judgment granting the United States' motion for summary judgment, voiding several real property transfers and denying several of the Woods' motions. Finding no error, we affirm.

This court reviews a district court's grant of summary judgment de novo, "viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Additionally, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Under 28 U.S.C. § 3304(b)(1)(A), (B) (2006), the district court may set aside any transfer of assets made by a debtor if the debtor makes the transfer with either "actual intent to hinder, delay, or defraud a creditor" or "without receiving a reasonably equivalent value in exchange for the transfer . . . if the debtor . . . intended to incur, or

2

believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." In examining a debtor's actual intent, the court may consider eleven non-exclusive factors set forth in 28 U.S.C. § 3304(b)(2), including whether a transfer was made to an insider, the timing of the transfer, whether "the transfer was of substantially all the debtor's assets," and whether the consideration for the transfer "was reasonably equivalent to the value of the asset transferred[.]" Even if the court fails to find evidence of actual intent to commit fraud, the court may still set aside the transfers if there is evidence of badges of fraud.

We have reviewed the record and find summary judgment was appropriate in this case substantially for the reasons cited by the district court. See United States v. Woods, No. 5:07-cv-00187-BR (E.D.N.C. Dec. 10, 2008). We further find the court's denial of several of the Woods' motions was proper. Accordingly, we affirm. The Woods have several pending motions: (1) motion to expedite; (2) motion for summary disposition; (3) motion to reconsider order deferring action on motion for summary disposition; (4) motion to consolidate; and (5) motion to reconsider limiting electronic access of the Woods' appendix. We deny the motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED